TUCKER ELLIS LLP
Howard A. Kroll SBN 100981
howard.kroll@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:   213.430.3400
Facsimile:   213.430.3409

Attorneys for Plaintiff VERRAGIO, LTD.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERRAGIO, LTD. | Case No. |
| Plaintiff, | COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL |
| v. | |
| C. GONSHOR FINE JEWELERY | |
| Defendant. | |

Plaintiff Verragio, Ltd. ("Verragio"), by and through its attorneys, Tucker Ellis LLP, files its Complaint against C. Gonshor Fine Jewelry ("Defendant") for injunctive relief and damages as follows:

## Subject Matter Jurisdiction and Venue

1. This case is a civil action arising under the Copyright Laws of the United States, 17 U.S.C. §§ 101, *et seq*. This Court has subject matter jurisdiction over the claims in this Complaint which relate to copyright infringement pursuant to 17 U.S.C. § 501, and 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). The infringing products which are the subject of this litigation are and have been distributed and offered for distribution in the Central District of California; the claims alleged in this action arose in the Central District of California; and, the Defendant transacts business in the Central District of California.

## Parties and Personal Jurisdiction

3. Verragio is a New York corporation with its principal place of business at 330 5th Avenue, 5th Floor, New York, NY 10001.

4. Verragio is informed and believes, and on that basis alleges, that Defendant has its principal place of business at 640 S. Hill Street, Suite 546A, Los Angeles, California 90014.

5. This Court has personal jurisdiction over Defendant because Defendant transacts business and has other related activities within the Central District of California. Furthermore, Defendant regularly does and solicits business and derives substantial revenue from doing business in this Judicial District.

## The Business of Verragio

6. Barry Nisguretsky ("Nisguretsky") is the owner of Verragio.

7. For over 20 years, Nisguretsky has been an innovator in the design creation, and marketing of fine jewelry. Nisguretsky designs his own jewelry and has created exclusive collections from only top quality material.

8. Among Nisguretsky's jewelry designs is Style No. INS-7003 (VAu 996-688), which is the original design comprising copyrightable subject matter under the laws of the United States.

9. At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the copyright in Style No. INS-7003 (VAu 996-688). A picture of Style No. INS-7003 (VAu 996-688) is attached to this Complaint as Exhibit A.

10. Nisguretsky has received a Certificate of Registration from the Register of Copyrights for Style No. INS-7003 (VAu 996-688), a copy of which is attached to this Complaint as Exhibit B.

11. Nisguretsky has exclusively licensed his copyrighted jewelry designs to Verragio, including Style No. INS-7003 (VAu 996-688).

12. Since its creation, Style No. INS-7003 (VAu 996-688) has been manufactured by Verragio, or under its authority.

### The Business of Defendant C. Gonshor Fine Jewelry

13. Verragio is informed and believes, and on that basis alleges, that Defendant is a wholesale designer, manufacturer and/or distributor of jewelry to the jewelry industry and is in the business of designing, manufacturing, marketing and selling fine jewelry.

14. Verragio is informed and believes, and on that basis alleges, that Defendant operates its jewelry business in direct competition with retailers that purchase jewelry from Verragio.

15. Verragio is informed and believes, and on that basis alleges, that Defendant sells its jewelry to, and actively solicits and seeks as customers, the same jewelry retailers as Verragio.

16. Verragio is informed and believes, and on that basis alleges, that Defendant sells its jewelry to, and actively solicits and seeks as customers, the same customers and consumers as those retailers that purchase jewelry from Verragio.

17. Verragio is informed and believes, and on that basis alleges, that Defendant sells its jewelry to jewelers, retailers, and consumers within this Judicial District, and specifically markets its jewelry within this Judicial District.

18. Verragio has not authorized Defendant to copy, reproduce, manufacture, duplicate, disseminate, or distribute jewelry with a design that is substantially similar to the copyrighted jewelry designs of Style No. INS-7003 (VAu 996-688) or any other copyrighted ring design licensed to Verragio.

19. Verragio is informed and believes, and on that basis alleges, that Defendant has engaged in the advertisement, manufacture, distribution, duplication and/or sale of jewelry with designs that are substantially similar to the copyrighted jewelry designs of Style No. INS-7003 (VAu 996-688), and other copyrighted ring designs licensed to Verragio.

20. Pictures of some of these unauthorized and infringing pieces of jewelry are attached to this Complaint as Exhibit C.

## First Cause of Action

### (Copyright Infringement Under 17 U.S.C. § 101 *et seq.*)

21. Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 20 of this Complaint as though fully set forth.

22. Defendant's acts constitute infringement of Verragio's licensed copyright in Style No. INS-7003 (VAu 996-688) in violation of the Copyright Act, 17 U.S.C. § 101, *et seq*.

23. A comparison of the jewelry design of Style No. INS-7003 (VAu 996-688) to Defendant's Ring follows:

   

Verragio Style No. INS-7003          Gonshor Style Number 8139

24. Verragio is informed and believes, and on that basis alleges, that Defendant's manufacture, distribution, duplication and/or sale of infringing copies of Style No. INS-7003 (VAu 996-688) was deliberate, willful, malicious, oppressive, and without regard to Verragio's proprietary rights.

25. Defendant's copyright infringement has caused, and will continue to cause Verragio to suffer, substantial injuries, loss, and damage to its proprietary and exclusive rights to Style No. INS-7003 (VAu 996-688) and has damaged Verragio's business reputation and goodwill, diverted its trade and caused loss of profits, all in an amount not yet determined. In addition, Verragio is entitled to receive the profits made by Defendant from its wrongful acts pursuant to 17 U.S.C. § 504. Alternatively, Verragio is entitled to recover statutory damages, on election by Verragio, in an amount of up to $150,000 for each copyrighted work sold, offered for sale or distributed.

26. Defendant's copyright infringement, and the threat of continuing infringement has caused, and will continue to cause Verragio repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Verragio adequate relief at law for Defendant's acts and continuing acts. Verragio's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendant. Therefore, Verragio is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, and to an order under 17 U.S.C. § 503 and 28 U.S.C. § 1651(a) that the infringing copies of Style No. INS-7003 (VAu 996-688), and all molds by which such infringing copies were produced, be seized, impounded and destroyed.

27. Verragio is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

**Prayer for Relief**

Therefore, Verragio respectfully requests judgment as follows:

1. That the Court enter a judgment against Defendant that Defendant has infringed the rights of Verragio in Verragio's federally registered copyrights under 17 U.S.C. § 501.

2. That each of the above acts by Defendant were willful.

3. That the Court issue a Temporary Restraining Order and Preliminary Injunction enjoining and restraining Defendant and its respective agents, servants,

employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from:

    (a) manufacturing, producing, selling, distributing, destroying, altering, or otherwise disposing of any jewelry that is in the possession of Defendant that is substantially similar to Style No. INS-7003 (VAu 996-688) or any other copyrighted design licensed to Verragio;

    (b) destroying any documents, electronic files, wax models, molds, business records, or any other tangible object pertaining to the copying, reproduction, manufacture, duplication, distribution, or advertisement of any such jewelry;

    (c) engaging in any other activity constituting an infringement of Verragio's licensed copyrighted jewelry designs; and

    (d) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph 3(a) through 3(c) above.

4. That Defendant be ordered to account to Verragio for, and disgorge, all profits it has derived by reason of the unlawful acts complained of above.

5. That Verragio be awarded damages for Defendant's copyright infringement in the form of either: (i) actual damages in an amount to be determined at trial, together with Defendant's profits derived from its unlawful infringement of Verragio's copyrights; or (ii) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at Verragio's election before the entry of final judgment, together with prejudgment and post-judgment interest.

6. That the Court issue a Permanent Injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from:

(a) copying, reproducing, manufacturing, duplicating, disseminating, distributing, or using infringing copies of Verragio's licensed copyrighted jewelry designs;

(b) engaging in any other activity constituting an infringement of any of Verragio's licensed copyrighted jewelry designs; and

(c) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph 6(a) through 6(b) above.

7. That the Court issue an Order at the conclusion of the present matter that all infringing copies of jewelry, and all molds by which such infringing jewelry was produced, be seized, impounded and destroyed.

8. That the Court award Verragio its reasonable attorneys' fees pursuant to 17 U.S.C. § 505, and any other applicable provision of law.

9. That the Court award Verragio its costs of suit incurred herein.

10. That Verragio be awarded such other relief as may be appropriate, including costs of corrective advertising.

DATED: January 9, 2020

Respectfully submitted,

TUCKER ELLIS LLP

By: /s/ Howard A. Kroll
Howard A. Kroll
515 S. Flower Street
42nd Floor
Los Angeles, CA 90071
Telephone: 213.430.3400
Facsimile: 213.430.3409

Attorneys for Plaintiff *Verragio, Ltd.*

7

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

1477366.1

## DEMAND FOR TRIAL BY JURY

Plaintiff Verragio, Ltd. hereby demands a trial by jury to decide all issues so triable in this case.

DATED:  January 9, 2020

Respectfully submitted,

TUCKER ELLIS LLP

By: __/s/ *Howard A. Kroll*__
Howard A. Kroll
515 S. Flower Street
42nd Floor
Los Angeles, CA 90071
Telephone:  213.430.3400
Facsimile:  213.430.3409

Attorneys for Plaintiff *Verragio, Ltd.*